UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF FLORIDA

CASE NO.: 12-CV-60196-SCOLA/ROSENBAUM

HENRY RAMIREZ CABALLERO,
and ALEXIS RAMIREZ

    Plaintiff,

        v.

GREENFIELD USA CORP.,
a Florida Corporation,

    Defendant.
_____/

# DEFENDANT'S MOTION TO DISMISS COUNTS II, III AND IV OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, GREENFIELD USA CORP., by and through its undersigned counsel and pursuant to 28 U.S.C. § 1367(c), hereby files this, its Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law.

## MOTION TO DISMISS COUNTS II, III and IV

Defendant moves this Honorable Court to Dismiss Counts II, III and IV of Plaintiff's Complaint and in support thereof states as follows:

1. The Plaintiffs have filed a four Count Complaint arising out of the sale of a vehicle. [DE 1].

2. Of the four causes of action pled in the Plaintiff's Complaint, three of the claims, Action for Violation of the Florida Deceptive and Unfair Trade Practices Act (Count II), Action for Fraud (Count III) and Action for Negligent Misrepresentation (Count IV) are causes of action in which this Court would not normally exercise jurisdiction as these are purely state law claims where there is no diversity, no federal question presented and no other basis for Federal Court jurisdiction for these claims.

3. The issues and proof surrounding the three state law claims predominate over

the federal claim presented. As such, State Court is the proper forum for these claims and, in accordance with applicable authorities, Defendant respectfully moves this Honorable Court to exercise its discretion and dismiss the state law claims set forth in Counts II , III and IV of the Plaintiff's Complaint.[1]

### INCORPORATED MEMORANDUM OF LAW

4.     Federal courts are courts of limited jurisdiction. The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. **_United States v. Roias_**, *429 F.3d 1317, 1320 (11th Cir. 2005), citing* **_Turner v. Bank of N. Am._**, *4 U.S. (4 Dall.) 8, 11 (1799)*.

5.     In the Complaint [DE 1], Plaintiff asserts claims pursuant to 49 U.S.C. § 32710 (Federal Odometer Act) as well as state law claims under the Florida Deceptive and Unfair Trade Practices Act (F.S.§501.201 et seq.) and Florida common law fraud and negligent misrepresentation claims. The basis plead by the Plaintiff for this Court's jurisdiction over the Complaint is 28 U.S.C. § 1331 as to Plaintiff's one federal claim, and 28 U.S.C. § 1367 as to the three state law claims.

6.     28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

However, 28 U.S.C. § 1367(c) provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1)     the claim raises a novel or complex issue of State law, [or]
> (2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction ....

---

[1] Case No.: 11-12878CC23 (1), currently pending in Miami-Dade County Court, is an action filed by Greenfield USA Corp. against the Defendants for Replevin of the vehicle which is at issue in this matter. In the course of that action, the Defendant, Greenfield USA Corp. made several attempts to locate the vehicle which was continually secreted by the Plaintiff herein.

7. Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, Defendant asserts that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts II, III and IV of the Complaint [DE 1] because those claims present questions of state law which would predominate over the sole federal claim.

8. Specifically, while the Plaintiffs have alleged one violation of the Federal Odometer Act, they have also alleged a myriad of other misstatements and misrepresentations about the title to the vehicle at issue, the source of the vehicle, composition of the vehicle and the history of the negotiation for the sale of the vehicle which overshadow the lone federal issue. These state law claims would obscure the significance of the lone Federal claim. *See Winn v. North Am. Philips Corp., 826 F. Supp. 1424, 1426 (S.D. Fla. 1993)*.

9. Accordingly, while the proper forum for Count I may be this Court, to tie the State law claims to the sole Federal Claim will allow the tail to wag the dog.

WHEREFORE, for the foregoing reasons, Defendant, Greenfield USA Corp. respectfully requests this Honorable court exercise its discretion under 28 U.S.C. § 1367(c)(1) and (2) and dismiss Counts II, III and IV of the Plaintiff's Complaint.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 23, 2012, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by email transmission of a .pdf copy and by U.S. Mail.

**Hartley Law Offices, PLC**
Attorneys for Defendant
800 Southeast Third Avenue
Fourth Floor
Fort Lauderdale, Florida 33316
Telephone: (954) 357-9973
Facsimile: (954) 357-2275

*By:/S/ Timothy M. Hartley*
TIMOTHY M. HARTLEY
FL BAR NO. 979066

<u>**SERVICE LIST**</u>
Ramirez v. Greenfield USA Corp.
CASE NO.: 12-CV-60196-SCOLA/ROSENBAUM

Dana L. Manner, Esq.
dana@mannerlaw.com
Dana Manner PL
2121 SW 3rd Avenue, Suite 405
Miami, Florida 33129
Telephone: (305) 285-9495
Fax: (305) 285-9496
Attorneys for Plaintiff